BASKIN, Judge.
Only the court may determine issues concerning the existence of uninsured motorist coverage, Vigilant Insurance Co. v. Kelps, 372 So.2d 207 (Fla. 3d DCA 1979), that is, the insurance status of the allegedly negligent motorist. Arbitrators may determine whether the facts of the case disclose a “right or basis for recovery under the coverage provided for in the policy”, Ebens v. State Farm Mutual Automobile Insurance Co., 278 So.2d 674, 675 (Fla. 3d DCA 1973), that is, the factual merit of the claim. Government Employees Insurance Co. v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976); see also Allstate Insurance Co. v. Langston, 358 So.2d 1387 (Fla. 3d DCA 1978). The trial court correctly ruled in accordance with these principles; we therefore affirm *1205 the Final Judgment which established uninsured motorist coverage and ordered arbitration proceedings as to proximate cause of the injury.
Affirmed.