485 So.2d 1367 (1986)
Sissel COOPER, Douglas Cooper, and Daniel Cooper, As Personal Representatives of the Estate of I.S. Cooper, and Sissel Cooper, Individually, Appellants,
v.
AETNA CASUALTY & SURETY COMPANY, Appellee.
Nos. 85-1124, 85-1197.
District Court of Appeal of Florida, Second District.
April 2, 1986.
Thomas R. Peppler, of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellants.
Claire L. Hamner, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
Appellants, Sissel Cooper, Douglas Cooper, and Daniel Cooper, co-personal representatives of the estate of I.S. Cooper, seek review of an order denying prejudgment interest and an order awarding only a portion of attorney fees sought in the trial court. Since the entry of these orders, the judgment upon which the interest and additional attorney fees are sought has been reversed and remanded for a new trial by this court.[1] We, accordingly, not only deny appellants their requested relief, but reverse, without prejudice, the order awarding them partial attorney fees.
On May 13, 1977, I.S. Cooper was riding as a passenger in an automobile that was struck in the rear by another automobile driven by Edward Carloni. Carloni had an insurance policy providing coverage in the amount of $100,000, which was paid to Dr. Cooper. Dr. Cooper claimed his damages greatly exceeded this amount and maintained that the uninsured/underinsured coverage available to him under his policy with appellee, Aetna Casualty and Surety Insurance Company, was in the amount of $1,000,000. Aetna denied coverage, alleging that the uninsured motorist protection purchased by Dr. Cooper was in the amount of $100,000. When the parties were unable to settle this dispute, Dr. Cooper and his wife, Sissel Cooper, filed an action against Aetna.[2] The trial court entered *1368 a partial summary judgment finding that the contract with Aetna provided $1,000,000 worth of protection to Dr. Cooper. This partial summary judgment was affirmed on appeal.[3] The jury trial on the issue of damages resulted in a final judgment in favor of the Coopers.
The Coopers then filed a motion for attorney fees pursuant to section 627.428(1), Florida Statutes (1977), which provides for fees where an insured is successful in suing to enforce his insurance contract. On the basis of section 627.727(8), Florida Statutes (1983), which Aetna argued has retrospective application, Aetna opposed an award of fees other than those relating to the parties' preliminary coverage dispute. The trial court agreed with Aetna and awarded attorney fees in the amount of $40,000. The court determined that the sum of $120,000 represented the total amount of fees involved in the action and that $40,000 of this sum reflected the fees relating to the coverage dispute. The court subsequently entered an order denying the Coopers' request for prejudgment interest. The Coopers filed a timely notice of appeal from both of these orders. The appeals were then consolidated.
We agree with the trial court that prejudgment interest was not recoverable in this case because prejudgment interest is not allowed in actions for personal injuries. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955); see also, Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Although the Coopers' action was based upon a contract of insurance, it was still essentially one for the recovery of personal injury damages, and, accordingly, the Coopers were not entitled to prejudgment interest. Southeast Title & Insurance Co. v. Austin, 202 So.2d 179 (Fla. 1967).
We do find that the court erred in applying section 627.727(8) retroactively, and in limiting attorney fees to $40,000. In L. Ross Inc. v. R.W. Roberts Construction Co., 481 So.2d 484 (Fla. 1986), the supreme court held that the right to attorney fees is a substantive right, as is the burden on the party responsible for paying the fee. The court also ruled that a statutory amendment is also substantive where it affects a substantive right and concomitant burden. Section 627.727(8) therefore cannot be retroactively applied to the Coopers' cause of action, which accrued in 1977, and the trial court should have awarded the Coopers the entire $120,000. Florida Farm Bureau Mutual Insurance Co. v. Quinones, 409 So.2d 97 (Fla. 3d DCA), pet. for rev. denied, 419 So.2d 1197 (Fla. 1982).
Because, however, section 627.428(1) only permits the award of fees upon the rendition of a judgment against an insurer, and this court in an earlier appeal reversed the judgment in favor of the Coopers and remanded for a new trial, no award of attorney fees can be upheld on this appeal. We, therefore, reverse the award of attorney fees without prejudice to appellants reapplying for them if they prevail in the new trial upon remand.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] Aetna Casualty & Surety Co. v. Cooper, 485 So.2d 1364, (Fla. 2d DCA 1986).
[2] Subsequent to the filing of this appeal, I.S. Cooper died and Sissel Cooper, Douglas Cooper, and Daniel Cooper, co-personal representatives of his estate, were substituted as appellants.
[3] Aetna Casualty & Surety Co. v. Cooper, 447 So.2d 241 (Fla. 2d DCA 1983).