SCHWARTZ, Chief Judge.
After the remand of this cause pursuant to Stack v. State Farm Mutual Ins. Co., 507 So.2d 617 (Fla. 3d DCA 1987), review denied, 515 So.2d 230 (Fla.1987), in which we held that the insureds were covered by their State Farm uninsured motorist policy and ordered arbitration to determine whether they were entitled to recover, Stack, 507 So.2d at 620, the trial court entered a judgment for attorney’s fees for the Stacks pursuant to section 627.428, Florida Statutes (1987). State Farm now appeals from that order[1] contending, for two reasons, that the award of attorney’s fees was premature because the insureds had not yet become entitled to judgment in their favor as required by 627.428(1) (“Upon the rendition of a judgment ... against an insurer and in favor of any ... insured ... the trial court ... shall adjudge ... against the insurer ... a reasonable sum as fees ... for the insured’s ... attorney prosecuting the suit in which the recovery is had.”).[2] We agree with neither ground and therefore affirm the order under review.
I
State Farm first claims that there remains an issue which must be resolved in the trial court as to whether the Stacks gave “late notice” and are therefore precluded from coverage. Whatever the merit vel non of this claim, however, it is no longer a viable one, since its assertion is directly contrary to the clear terms of our prior opinion and mandate. That decision unqualifiedly required a finding of coverage without any intimation that the late notice question existed or could prevent that legal conclusion. Since it is apodictic that the trial court is bound to follow without question the directions and mandate of the appellate court, Mackin v. Applestein, 404 So.2d 789 (Fla. 3d DCA 1981); Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980); Modine Mfg. Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla.1979); Mendelson v. Mendelson, 341 So.2d 811 (Fla. 2d DCA 1977), the trial court had no choice but to enter the required judgment in the Stacks’ favor. The present late notice contention has therefore become a legal nonentity.[3]
II
The carrier also claims that since the question of whether the Stacks will actually achieve a money recovery is dependent on its success in the separate arbitration proceeding now ordered by the trial court pursuant to our mandate, they have not won a “judgment or decree” in their *784 favor under 627.428. We thoroughly disagree.
The instant action began with a complaint brought by the Stacks for a declaratory judgment that their policy provided UM coverage; it ended with our declaration that just that was the case. It is well settled that a determination of coverage in favor of the insured which, as here, finally disposes of a discrete piece of litigation which is concerned with that issue qualifies for fees under the statute. Lane v. Waste Management, Inc., 432 So.2d 70 (Fla. 4th DCA 1983), pet. for review denied, 441 So. 2d 633 (Fla.1983); Travelers Ins. Co. v. Horton, 366 So.2d 1204 (Fla. 3d DCA 1979); State Farm Mut. Auto. Ins. Co. v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 428 (Fla.1977). Compare, e.g., Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633, 636 (Fla. 3d DCA 1977) (right to fees for successful appeal of judgment for insurer which is reversed for a new trial not immediately payable but conditioned on ultimate success in lower court); Hart v. Bankers Fire & Cas. Ins. Co., 320 So.2d 485 (Fla. 4th DCA 1975) (same). These decisions are directly applicable here. The fact that a separate and essentially unrelated arbitration proceeding must be conducted to resolve the factual questions concerning the liability of the uninsured motorist,[4] which we explicitly stated in the earlier opinion did not involve “coverage”—Stack, 507 So.2d at 620; Hartford Accident & Indem. Co. v. Classie, 396 So.2d 1204 (Fla. 3d DCA 1981)— does not mitigate from the plaintiffs’ success in the present case.[5]
Affirmed.

. The Stacks cross-appeal claiming that the award was inadequate and improperly computed under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). We reject this position.

. While State Farm points out that, as a technical matter, no actual judgment in accordance with our mandate has been entered below, it candidly concedes that this is a mere matter of form which will be automatically remedied after remand. At oral argument, therefore, it explicitly waived any reliance on this point.

.State Farm could have obviated this result only by attempting to alter the opinion and mandate by a motion for rehearing on this ground. We do not consider, because it does not matter, whether it failed to file such a motion, or did so without success.

. Any subsequent judicial proceeding which may arise from the arbitration required by our first opinion will plainly not “revert back” or become a part of the instant case, which is now concluded. Instead, it would be conducted as an entirely new, separately filed action under §§ 682.12-.20, Fla.Stat. (1987).

. Our resolution of this appeal is entirely consistent with our determination in the previous one, in which the insureds’ motion for appellate attorney’s fees was granted and "appellants ... allowed $2,500.00 as compensation for the services of their attorneys in this Court." This order is obviously based on the premise that the Stacks were at that time entitled to a judgment and therefore to attorney's fees under the statute.
It must be added, however, as State Farm emphasizes, that the action of the Supreme Court in dealing with the same issue in the prior case is not nearly so clear. In its order denying State Farm's petition for review, State Farm Mut. Auto. Ins. Co. v. Stack, 515 So.2d 230 (Fla.1987), the high court also granted the petition of the Stacks, who were then the respondents, for attorney's fees in the amount of $500.00 "conditioned upon Respondents’ ultimately prevailing on the merits." While this order is at best equivocal upon the present issue, we note that the Court did not, as it could have, set aside our own clear holding that the Stacks were then entitled to fees. In this light, we consider that the Supreme Court order, which appears to be in the form it customarily enters in carrier-attorney's fees cases, is at least not inconsistent with our present finding that the Stacks have now "ultimately prevailed” on the merits of the action in the lower court. Hence, we do not believe that the Supreme Court holding contradicts our present decision.