553 So.2d 1368 (1989)
Gary MOORE, Appellant,
v.
ALLSTATE INSURANCE CO., Appellee.
No. 89-918.
District Court of Appeal of Florida, First District.
December 22, 1989.
Norton Bond, Pensacola, for appellant.
Larry Hill of Moore, Hill & Westmoreland, P.A., Pensacola, for appellee.
JOANOS, Judge.
Gary Moore has appealed from a final judgment pertaining to attorney's fees sought pursuant to Sections 627.428(1) and 627.727(8), Florida Statutes (1985). We affirm.
Moore was injured by an uninsured motorist in January 1986, and contended that, under the uninsured motorist provisions of his insurance policies with Allstate, he was entitled to coverage amounting to $200,000. Allstate maintained that the correct coverage amount was $50,000. Moore sued Allstate in March 1986, alleging injury as the result of the negligence of an uninsured motorist, and setting forth the coverage dispute. Allstate answered in April 1986, denying that the uninsured motorist had been negligent, but conceding that Moore's coverage amounted to $200,000. The discovery phase of the case thereafter proceeded on the issues of liability and damages, but in November 1987, on the eve of trial, Allstate paid the $200,000 policy amount.
Moore thereafter filed the instant motion for fees and costs. Prior to the hearing thereon, the parties stipulated that Moore was entitled to costs and to an attorney's fee. The stipulation further provided that a $1,000 fee would be paid if the court ruled that entitlement thereto extended only for the period up to Allstate's April 1986 concession on the coverage issue, but that a $35,000 fee would be paid if entitlement was found for the entire litigation period, that is, until the policy proceeds were paid in November 1987.
Section 627.428(1), Florida Statutes (1985) provides that:
Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named ... insured ... under a policy or contract executed by the insurer, the trial court . .. shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.
For its contention that Moore's entitlement to fees herein ended when the coverage issue was conceded, Allstate relied on the *1369 further provisions of Section 627.727(8), Florida Statutes (1985):
The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident (emphasis supplied).
Once the coverage issue was eliminated, argued Allstate, so too was Moore's entitlement to further fees.
Moore countered that, once a suit was filed involving a dispute over coverage, so that an award of fees was permissible under Section 627.727(8), an insurance company could not absolve itself from liability for those fees by thereafter conceding on the coverage issue. In other words, once entitlement to fees was activated by an initial coverage dispute, it could not be cancelled by elimination of that dispute from the suit.
The trial court first noted the purpose of uninsured motorist coverage, that is, to place the injured party in as good a position as he would have been had the tortfeasor had insurance. It then held that adoption of Moore's argument would mean that an injured party would be better off if his tortfeasor was not insured, since both fees and damages could then be recovered; if the tortfeasor was insured, only damages could be recovered. The court thereupon ruled that Moore's entitlement to fees ended with Allstate's April 1986 concession on the coverage issue, and entered judgment for a $1,000 attorney's fee.
Section 627.727(8) specifically provides that the fee awardable under section 627.428(1) is not applicable to uninsured motorist actions unless there is a dispute over coverage. In Cooper v. Aetna Casualty & Surety Co., 485 So.2d 1367 (Fla. 2d DCA 1986), the insured maintained that his uninsured motorist coverage amounted to $1,000,000, Aetna that it equalled only $100,000. The insured sued, and the trial court entered a partial summary judgment finding $1,000,000 in coverage.
A subsequent jury trial on damages resulted in judgment for the insured, who thereafter sought a $120,000 attorney's fee, $40,000 for the coverage dispute, and $80,000 for liability and damages. Section 627.727(8), Florida Statutes (1983) was applied so that only the $40,000 attributable to the coverage dispute was awarded. The appellate court reversed, but on the ground that the statute could not be retroactively applied to a 1977 cause of action.
In State Farm Mutual Automobile Insurance Co. v. Stack, 543 So.2d 782 (Fla. 3d DCA 1989), the trial court had awarded a section 627.428(1) fee on remand after the appellate court ruled that the insured was covered by State Farm's uninsured motorist policy and remanded for arbitration on the issue of whether the insured could recover. State Farm appealed the fee award, arguing that it was premature in that the question of actual money recovery was dependent on the success of the arbitration. The appellate court disagreed, holding that "[a] determination of coverage in favor of the insured finally disposes of a discrete piece of litigation which is concerned with that issue [and thus] qualifies for a fee under the statute... . The fact that a separate proceeding must be conducted to resolve the factual questions concerning the liability of the uninsured motorist does not mitigate from plaintiffs' success in the present case." Stack at 784 (emphasis supplied).
Although Stack is not directly on point, we find the holding sufficiently analogous to the factual situation herein so as to be controlling thereon. Here, the litigation commenced with disputes on all issues  coverage, liability and damages. However, prior to litigation of the latter two issues, the coverage issue was eliminated. As did the partial summary judgment in Stack, Allstate's answer conceding on the coverage issue "finally dispose[d] of a discrete piece of litigation ... and qualifies for a fee." Under the language of section 627.727(8), the issue of coverage was not in dispute after Allstate's answer, and thus *1370 services rendered on the remaining issues were not susceptible of a section 627.428(1) award. The trial court's order is affirmed.
Pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as being of great public importance:
WHEN AN INSURANCE COMPANY DENIES COVERAGE AND LIABILITY UNDER THE UNINSURED MOTORIST PROVISION OF ITS POLICY, SO THAT ITS INSURED IS FORCED TO FILE SUIT AGAINST IT, BUT THEREAFTER CONCEDES COVERAGE SO THAT ONLY LIABILITY AND DAMAGES REMAIN AT ISSUE, DOES SECTION 627.727(8), FLORIDA STATUTES (1985) LIMIT THE FEE AWARDABLE UNDER SECTION 627.428(1), FLORIDA STATUTES (1985) TO ONLY THAT PERIOD DURING WHICH COVERAGE WAS AT ISSUE, ALTHOUGH LIABILITY AND DAMAGES CONTINUE TO BE LITIGATED AFTER THE ELIMINATION OF THE COVERAGE ISSUE?
BARFIELD, J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissents.
The majority in this case concludes that appellant Moore is only entitled to recover attorney's fees incurred in litigating the coverage issue before Allstate conceded coverage and the parties proceeded to trial on the issues of liability and damages. I disagree and conclude that there is nothing in the statute that authorized the trial court to carve out an award of attorney's fees according to coverage versus all other issues litigated, once the plaintiff initiated litigation to resolve a dispute that involved coverage  a dispute that was decided in his favor.
Section 627.428(1), Florida Statutes (1987), requires courts to award attorney's fees to plaintiffs who obtain a judgment or decree against their insurers. That provision applies to cases involving disputes over uninsured motorist coverage, pursuant to Section 627.727(8), Florida Statutes (1987). Section 627.428 is intended to penalize insurers that cause insureds to resort to litigation in order to decide a dispute under circumstances in which the insured has a valid claim that could reasonably have been resolved without litigation. Government Employees Ins. Co. v. Battaglia, 503 So.2d 358, 360 (Fla. 5th DCA 1987). See also Florida Rock & Tank Lines, Inc. v. Continental Ins. Co., 399 So.2d 122, 124 (Fla. 1st DCA 1981); Leaf v. State Farm Mut. Auto. Ins. Co., 544 So.2d 1049, 1050 (Fla. 4th DCA 1989); Crotts v. Bankers & Shippers Ins. Co. of N.Y., 476 So.2d 1357, 1358 (Fla. 2d DCA 1985), review denied, 486 So.2d 595 (Fla. 1986).
In the case at bar, Allstate disputed the amount of uninsured motorist coverage in Moore's policy, and Moore initiated this suit as a result. This is precisely the kind of situation that sections 627.727(8) and 627.428(1) address. Nothing in section 627.727(8) limits attorney's fees only to the coverage issue, regardless of whether that issue is resolved during the initial stages of litigation or at the culmination of trial.
A rule, moreover, that would limit an insured to an award of fees against the insurer only for that portion of his or her attorney's time involved in litigating the coverage issue runs counter to the rule recognizing that once a proper case for declaratory relief has been instituted, a court can and should adjudicate the entire controversy involved in an uninsured motorist claim. Kenilworth Ins. Co. v. Drake, 396 So.2d 836, 838 (Fla. 2d DCA 1981), disagreed with on other grounds, Hartford Accident & Indem. Co. v. Lackore, 408 So.2d 1040 (Fla. 1982); Travelers Ins. Co. v. Wilson, 371 So.2d 145, 147 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980). In the case at bar, because none of the claims sought to be decided in circuit court were properly resolvable by arbitration, as discussed infra, the court was clearly empowered to resolve all rights of the parties relating to coverage, liability, *1371 damages, etc. See Green v. United States Fidelity & Guar. Co., 181 So.2d 198 (Fla. 3d DCA 1965). As it would have been improper to adjudicate the rights of the parties in a piecemeal fashion, it would seem equally improper to allow fees to be recovered piecemeal.
The case law cited by the majority is inapplicable. State Farm Mut. Auto. Ins. Co. v. Stack, 543 So.2d 782 (Fla. 3d DCA 1989), does not involve the application of section 627.727(8). In that case, the plaintiff was awarded attorney's fees under section 627.428 after obtaining a declaratory judgment against his insurer and before commencing arbitration proceedings, as required under the plaintiff's policy,[1] regarding the issues of liability and damages. The Third District affirmed the award. If the parties in the case at bar had terminated this litigation in circuit court after Allstate conceded coverage, Stack would support an action by Moore to recover attorney's fees. No "discrete piece of litigation" was, however, concluded by virtue of Allstate's answer conceding the amount of coverage under Moore's policy. Neither of the parties indicate that arbitration was considered or even available in this case.[2]
The majority also cites Cooper v. Aetna Casualty & Surety Co., 485 So.2d 1367 (Fla. 2d DCA 1986), to support its position. To the contrary, the court in Cooper merely concluded that section 627.727(8) could not be retrospectively applied to the insured's case, because the insured's cause of action accrued before the enactment of subsection (8). The court therefore did not reach the merits regarding the propriety of the trial court's division of attorney's fees between coverage and all other issues litigated.
Absent any language in section 627.727(8) limiting attorney's fees to the issue of coverage only, appellant Moore is entitled to recover attorney's fees incurred over the course of the entire litigation, which began as a dispute over both uninsured motorist coverage and liability. I would therefore reverse the trial court's order insofar as it denied appellant fees for his attorney's services unrelated to the dispute over coverage, and remand the case for assessment of attorney's fees against Allstate as to all claims resolved in appellant's favor.
NOTES
[1] See Stack v. State Farm Mut. Auto. Ins. Co., 507 So.2d 617 (Fla. 3d DCA 1987).
[2] Because the tortfeasor was totally uninsured, Sections 627.727(6) and 682.11, Florida Statutes (1987), were inapplicable in the case below. The former statute requires arbitration in cases involving settlements between the insured and the tortfeasor's liability insurer, and the latter generally precludes an award of attorney's fees in arbitration proceedings. Thus, this is not a case in which the issue of coverage must first be determined by the court and any remaining issues, i.e., liability and damages, by arbitration. See State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982). Moreover, the record does not contain a copy of the insurance policy at issue, and neither of the parties states that such policy contains an arbitration provision.