570 So.2d 291 (1990)
Gary MOORE, Petitioner,
v.
ALLSTATE INSURANCE CO., Respondent.
No. 75366.
Supreme Court of Florida.
November 15, 1990.
*292 Norton Bond, Pensacola, for petitioner.
Larry Hill of Moore, Hill & Westmoreland, P.A., Pensacola, for respondent.
OVERTON, Justice.
We have for review Moore v. Allstate Insurance Co., 553 So.2d 1368 (Fla. 1st DCA 1989), in which the district court certified the following question as being of great public importance:
WHEN AN INSURANCE COMPANY DENIES COVERAGE AND LIABILITY UNDER THE UNINSURED MOTORIST PROVISION OF ITS POLICY, SO THAT ITS INSURED IS FORCED TO FILE SUIT AGAINST IT, BUT THEREAFTER CONCEDES COVERAGE SO THAT ONLY LIABILITY AND DAMAGES REMAIN AT ISSUE, DOES SECTION 627.727(8), FLORIDA STATUTES (1985) LIMIT THE FEE AWARDABLE UNDER SECTION 627.428(1), FLORIDA STATUTES (1985) TO ONLY THAT PERIOD DURING WHICH COVERAGE WAS AT ISSUE, ALTHOUGH LIABILITY AND DAMAGES CONTINUE TO BE LITIGATED AFTER THE ELIMINATION OF THE COVERAGE ISSUE?
Id. at 1370. The district court found that section 626.727(8), Florida Statutes (1985), does limit the fee awardable under section 627.428(1), Florida Statutes (1985), to the coverage issue, concluding that attorney's fees for other issues in the same action are not covered by the statute. For the reasons expressed, we agree with the district court's decision and answer the certified question in the affirmative.[1]
The question requires us to determine whether section 627.727(8), Florida Statutes (1985), directs payment of attorney's fees for work done on the issues of liability and damages when coverage has been an issue in the same proceedings. The facts, as articulated in the district court's opinion, are as follows:
Moore was injured by an uninsured motorist in January 1986, and contended that, under the uninsured motorist provisions of his insurance policies with Allstate, he was entitled to coverage amounting to $200,000. Allstate maintained that the correct coverage amount was $50,000. Moore sued Allstate in March 1986, alleging injury as the result of the negligence of an uninsured motorist, and setting forth the coverage dispute. Allstate answered in April 1986, denying that the uninsured motorist had been negligent, but conceding that Moore's coverage amounted to $200,000. The discovery phase of the case thereafter proceeded on the issues of liability and damages, but in November 1987, on the eve of trial, Allstate paid the $200,000 policy amount.
Id. at 1368. Moore sought attorney's fees and costs for litigating all issues  coverage, liability, and damages. The parties stipulated that Allstate would pay a $1,000 fee if the court ruled that entitlement would be only for the coverage issue and that Allstate would pay a $35,000 fee if *293 entitlement was found for the entire litigation.
The trial court, in holding that the attorney's fees should be limited to $1,000 for the work performed by Moore's attorney prior to Allstate's admission to the amount of coverage, explained in its order:
5. The purpose of uninsured motorist coverage is to protect the insured just as if the third party Tortfeasor had liability insurance.
6. F.S. 627.727(8) is meant to limit attorney's fees to those actions for uninsured motorist benefits when the insurance company denied coverage. To hold otherwise would lead to the anomalous result of an injured insured being in a better position if the Tortfeasor did not carry insurance than he would be if the Tortfeasor did carry insurance. In the former situation he would recover his attorney's fees as well as damages, while in the latter, he would be limited to his damages without attorney's fees.
The district court agreed with the trial court's reasoning and held:
Allstate's answer conceding on the coverage issue "finally dispose[d] of a discrete piece of litigation... and qualifies for a fee." Under the language of section 627.727(8), the issue of coverage was not in dispute after Allstate's answer, and thus services rendered on the remaining issues were not susceptible of a section 627.428(1) award.
553 So.2d at 1369-70 (quoting State Farm Mut. Auto. Ins. Co. v. Stack, 543 So.2d 782, 784 (Fla. 3d DCA 1989)).
The pertinent parts of the controlling statutes are set forth below. Section 627.428(1), Florida Statutes (1985), reads as follows:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named ... insured ... under a policy or contract executed by the insurer, the trial court... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.
Section 627.727(8), Florida Statutes (1985), reads as follows:
The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.
Moore argues that a literal reading of section 627.727(8) requires the payment of attorney's fees and costs for all issues in an action which includes the coverage issue. He asserts that there is no authority for the trial court or the district court to carve out an award of attorney's fees solely for the coverage issue once the plaintiff has commenced an action that involves a coverage dispute and other claims.
We disagree and find that the trial court and the district court decisions correctly held that the uninsured motorist provisions of section 627.727 were, as the trial judge reasoned, intended to place the injured party in the same position as he would have been in had the tortfeasor been insured. Section 627.727(8) accomplishes this purpose by directing that an insurer pay attorney's fees for the coverage issue when the insured prevails. We can find no legislative intent to place the insured in a better position than he would have been in if the tortfeasor had been insured. While one could read subsection (8) of section 627.727 separately from the rest of the statute and arrive at Moore's literal interpretation, we find that, to arrive at the proper interpretation, one must read section 627.727's uninsured motorist provisions in their entirety. This is the manner in which the trial court and the district court of appeal construed the statute and reached the conclusion that attorney's fees were to be paid only for the coverage issue. We agree that their construction correctly expresses the legislative intent, particularly when we take into account the purpose of the uninsured motorist provisions of this statute.
*294 Accordingly, we approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., recused.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.