PER CURIAM.
Appellant, State Farm Mutual Insurance Co. (State Farm), appeals an award of attorney’s fees in an action for damages under an uninsured motorist policy in favor of appellee, Jeffrey E. Koster (Koster). We reverse.
Koster was injured when he was struck by an uninsured motorist while crossing a street. Koster sought damages from State Farm, his insurance carrier.
State Farm admitted coverage but asserted the defenses of comparative negligence, and collateral source in the form of PIP benefits paid or payable under the appellee’s PIP coverage. State Farm offered to settle for $4,500. Koster refused and the case went to trial.
Prior to trial, the parties agreed that, upon a finding of negligence on the part of the uninsured motorist, State Farm would pay twenty percent of Koster’s medical bills, reduced by the amount of any finding of comparative negligence on Koster’s part.
The jury found that Koster was forty-six percent negligent, applied the previously determined formula, and awarded Koster $1,325.16. Koster moved for costs and attorneys’ fees pursuant to section 627.428, Florida Statutes (1989). The trial court granted Koster’s motion and awarded ap-pellee $22,250.00.
State Farm contends that the trial court erred in awarding Koster attorneys’ fees pursuant to section 627.428, Florida Statutes because Koster was never denied coverage, and because Koster unreasonably rejected an offer three hundred percent greater than the judgment. State Farm further contends that it should have been awarded costs and attorney’s fees pursuant to section 45.061, Florida Statutes (1989) because the judgment received by Koster was significantly less than the offer he rejected.
Koster maintains that the award was correct because the court did not determine that the settlement offer was unreasonably rejected. Koster also argues that the sanctions provided by section 45.061, Florida Statutes, are discretionary.
Section 627.727 provides:
(8) The provisions of § 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.
*736 In Moore v. Allstate Insurance Co., 570 So.2d 291 (Fla.1990) the Florida Supreme Court interpreted section 627.727(8):
F.S. 627.727(8) is to limit attorney’s fees to those actions for uninsured motorist benefits when the insurance company denied coverage. (Emphasis in original).
Moore v. Allstate Insurance Co., 570 So.2d at 291.
Section 45.061 provides that, where an offer of settlement is unreasonably rejected, the court may impose sanctions against the party rejecting the offer. The statute further provides that “an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected.” Section 45.061(2), Fla.Stat. (1989).
We find that appellant did not deny coverage. Rather, the litigation dealt with the liability of the uninsured motorist, the amount of Roster’s damages, and whether Roster sustained permanent injuries. Accordingly, Roster should not have been awarded attorneys’ fees and costs pursuant to section 627.727. Additionally, because the judgment awarded was less than the offer rejected by Roster, we remand for a determination of whether sanctions should be imposed pursuant to section 45.061, Florida Statutes (1989).
Reversed and remanded.