TAYLOR, J.
In this uninsured motorist action, State Farm Mutual Automobile Insurance Company appeals from a final judgment awarding costs and attorney’s fees under section 627.428, Florida Statutes 2001. We reverse because the record shows that State Farm did not dispute coverage under the policy, as is required for recovery of fees pursuant to section 627.727(8), Florida Statutes.
Appellee was involved in a rear-end collision and sought uninsured motorist benefits from her insurance carrier, State Farm. In response to the allegation in appellee’s complaint that “an insurance policy existed between Plaintiff ... and State Farm,” State Farm answered that it “admits the existence of an automobile insurance policy and states that the policy provisions speak for themselves.” It denied all other factual allegations, disputed the amount of damages, and asserted a threshold defense.
During litigation, appellee filed a civil remedy notice, which State Farm was required to cure within sixty days. Just before trial, within the sixty-day period, State Farm cured the notice and tendered its policy limits. The parties then settled. Later, after appellee moved to compel enforcement of the settlement, the settlement was enforced and a release was executed.
Thereafter, appellee moved for attorney’s fees and costs, pursuant to section 627.428, Florida Statutes. State Farm opposed the motion, arguing that appellee was not entitled to fees and costs because section 627.727(8), Florida Statutes, pre- *1249 eludes an award of attorney’s fees in an uninsured motorist action where there is no denial of uninsured motorist coverage. While conceding that State Farm admitted “the existence of the policy,” appellee contended that this admission was not an admission of coverage. The trial court agreed and granted appellee’s motion for attorney’s fees and costs on the authority of Wollard v. Lloyd’s and Companies of Lloyd’s, 439 So.2d 217 (Fla.1983), and Moore v. Allstate Insurance Co., 570 So.2d 291 (Fla.1990).
In Wollard, the supreme court held that a settlement between an insured and insurer provides a basis for an award of attorney’s fees to the insured under section 627.428, Florida Statutes. In Moore, however, the court clarified that section 627.727(8), Florida Statutes, limits the fees awardable under section 627.428 to those UM actions where the insurance carrier denies coverage. Section 627.727(8) provides:
The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.
The supreme court allowed the recovery of fees in Moore, because, unlike here, the carrier initially disputed the existence of UM coverage for the accident. Holding that the plaintiff could recover fees only for that portion of the case where the carrier disputed coverage, the court explained that the uninsured motorist provisions of section 627.727 were intended to place the injured party in the same position as he would have been had the tort-feasors been insured. Id. at 293. The court stated:
Section 627.727(8) accomplished this purpose by directing that an insurer pay attorney’s fees for the coverage issue when the insured prevails. We can find no legislative intent to place the insured in a better position than he would have been in if the tortfeasor had been insured.
In this case, the trial court relied on Moore in awarding attorney’s fees to ap-pellee. Apparently, after reviewing State Farm’s answer and affirmative defenses, the trial court concluded that State Farm had denied coverage.
Our review of the pleadings and litigation below, however, leads us to conclude that State Farm did not dispute the existence of UM coverage for this accident, but rather defended the action based on non-coverage issues. State Farm specifically admitted the existence of insurance coverage. It denied the following allegations of paragraph 9 of the complaint:
[P]ursuant to the uninsured/underin-sured motorist provisions of the Plaintiffs insurance policy and Section 627.727 of the Florida Statutes, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is responsible for the damages sustained by Plaintiff as a result of the actions of [the other driver] in that [he] was under-insured to compensate the Plaintiff for the injuries she has sustained. Plaintiff is legally entitled to recover said uninsured/underinsured motorist benefits from Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
State Farm’s denial of these allegations, however, does not amount to a denial of coverage. Under section 627.727(8), in order to demonstrate entitlement to fees in a *1250 UM action, there must be a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident. That necessarily allows for the insurance company to dispute liability, without automatically disputing coverage. See State Farm Mut. Ins. Co. v. Roster, 582 So.2d 735 (Fla. 3d DCA 1991)(holding that the plaintiff was not entitled to attorney’s fees pursuant to section 627.428 because the insurance company did not deny coverage; the litigation instead dealt with the liability of the uninsured motorist, the amount of the plaintiffs damages, and whether the plaintiff sustained permanent injuries).
Although State Farm did not cite the provision in appellee’s insurance policy setting forth the amount of coverage, it did acknowledge that a policy existed between the parties and that the coverage provided by the policy was subject to the terms and conditions of the policy. We reject appel-lee’s contention that State Farm’s admission of the existence of “the policy” was not an admission of coverage. As State Farm suggests, “this is a distinction without a difference.” More important is the fact that State Farm never disputed coverage. Any denial by State Farm was as to issues of liability of the underinsured motorist, damages, permanency, and other statutory threshold, non-coverage defenses. That coverage was never in dispute is further demonstrated by other documentary evidence in this case. The joint pretrial stipulation, witness and exhibit lists, discovery, and proposed verdict forms all show that coverage was not an issue. Additionally, the parties never filed or litigated any motions for summary judgment or other pleadings concerning a coverage dispute.
We conclude, therefore, that the trial court erred in awarding fees and costs under section 627.428 and reverse the judgment.
REVERSED.
HAZOURI and MAY, JJ., concur.