993 So.2d 58 (2008)
C. Leon BROOKS, Appellant,
v.
Jonathan M. GREEN, Appellee.
Nos. 1D06-3999, 1D06-5250.
District Court of Appeal of Florida, First District.
August 29, 2008.
*59 Bryan S. Gowdy, and John S. Mills, of Mills & Creed, P.A., Jacksonville, for Appellant.
Larry A. Bodiford, Panama City, for Appellee.
BROWNING, C.J.
Appellant appeals an adverse ruling by the trial court construing the parties' Lease Agreement, arguing that the trial court reversibly erred in the following particulars: (1) by declining to enforce Appellant's option to purchase the leased premises; (2) by evicting Appellant and transferring possession of the leased premises to Appellee; and (3) by awarding Appellee a judgment for damages of $400,000 against Appellant. We agree and reverse because the trial court failed to enforce an unambiguous contract between the parties. See Jenkins v. Eckerd Corp., 913 So.2d 43 (Fla. 1st DCA 2005).

Background & Facts
This case arose out of the fire insurance provisions in a Lease Agreement that Appellant, as Lessee, and Appellee, as Lessor, executed on March 1, 1989, which leased, with an option to purchase, land and a building. All of the Lease Agreement's provisions relating to Appellant's obligation to provide fire insurance coverage read as follows:

*60 (2) fire and extended coerage [sic] insurance on Lessee's fixtures, goods, wares, and merchandise in or on the leased premises, with coverage in an amount of not less than $150,000.
(3) Fire and extended coverage in an amount not less than 100% of the value of the leased property and other improvements on the leased premises, provided that insurance in that percentage can be obtained and, if not, then to the highest percentage that can be obtained.
On securing the foregoing coverages, Lessee shall give to Lessor written notice thereof, together with a certified copy of the appropriate policies.
If Lessee, at any time during the term hereof, fail [sic] to secure or maintain the foregoing insurance, the Lessor shall be permitted to obtain such insurance and shall be compensated by the Lessee for the cost of the insurance premiums.
(emphasis added). (The reader will note that the contract does not provide for naming Appellee as the insured or as a loss payee on any fire insurance purchased. It provided only that there would be fire insurance coverage, which purchase is undisputed.)
After the Lease Agreement's execution, Appellant purchased fire insurance on the improvements and furnished Appellee with a copy of the policy; Appellee was not named as a loss payee or a named insured. The policy Appellant purchased was a lease policy that insured the building that burned, which Appellant had substantially built during the lease term. Appellant was the named insured, and a copy of it was furnished to Appellee. This arrangement continued for 17 years, and Appellee never purchased an alternate policy, as is his prerogative under the Lease Agreement, or objected to such coverage. However, this tranquility ended after the building burned on July 5, 2005, when Appellee decided, after 17 years, that Appellant had breached the Lease Agreement because he failed to name Appellee as an insured or as a loss payee on the policy. Accordingly, Appellee maintained he was entitled to return of the land and all the insurance proceeds for Appellant's failure. ($400,000, the amount of the fire insurance proceeds, was placed in escrow pending the outcome of the parties' dispute.) Of course, litigation ensued, during which Appellant exercised his option to purchase and tendered performance under the Lease Agreement to Appellee, which he rejected on the basis that Appellant's option was extinguished by his breach concerning the fire insurance policy.
After hearing the foregoing facts, the trial court entered a final judgment disposing of the controversy as follows:
1. Appellant breached the Lease Agreement by failing to provide fire insurance on the building that named Appellee as named insured or as a loss payee, and failing to correct the breach within 10 days after the fire by purchasing fire insurance covering the improvements on the leased premises and naming Appellee as the named insured.
2. Adjudged that Appellant was not entitled to exercise his option to purchase the leased premises for $175,000, because of his breach.
3. Awarded $400,000, the proceeds of the policy, to Appellant, as he was the named insured.
4. Entered judgment of $400,000, the exact amount of the insurance proceeds, for Appellee against Appellant. (In other words, the trial court awarded the insurance proceeds to Appellee in the form of a judgment for $400,000 against Appellant under the guise of damages to Appellee for Appellant's failure to secure fire insurance on the building, with Appellee as a named *61 insured or as a loss payee, which Appellee failed to protest for 17 years.)

Analysis
It is established law in this state that a contract must be applied as written, absent an ambiguity or some illegality. That rule is clearly stated in Medical Center Health Plan v. Brick, 572 So.2d 548, 551 (Fla. 1st DCA 1990), as follows:
A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract. Nat'l Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078, 1080 (Fla. 3d DCA), review denied, 453 So.2d 43 (Fla.1984). See generally Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989), review denied, 560 So.2d 232 (Fla.1990). It is not the role of the courts to make an otherwise valid contract more reasonable from the standpoint of one contracting party. Stack v. State Farm Mut. Auto. Ins. Co., 507 So.2d 617, 619 (Fla. 3d DCA), review denied, 515 So.2d 230 (Fla.1987).
Moreover, this principle applies even when contractual terms bind a party to a seemingly harsh or out of the ordinary bargain:
Contracts are to be construed in accordance with the plain meaning of the words contained therein.... It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain.... A fundamental tenet of contract law is that parties are free to contract, even when one side negotiates a harsh bargain.

Barakat v. Broward County Hous. Auth., 771 So.2d 1193, 1195 (Fla. 4th DCA 2000) (emphasis added) (internal citations omitted).
Despite these admonitions, the trial court concluded that Appellant breached the parties' contract for failure to provide "casualty insurance on the building." Yet, there is no evidence that supports that determination, which remarkably is not even contended by either of the parties before this court. It is undisputed that there was fire insurance in effect, and a copy of the same was furnished for 17 years to Appellee as contracted. The trial court's sole justification for his deviation from the Lease Agreement is found in the final judgment at paragraph 3, which provides that the insurance Appellant purchased was for his benefit and not Appellee's. Yet, the Lease Agreement does not make this Appellant's obligation under its plain wording, which states nothing except that Appellant must purchase fire insurance, which he admittedly did. Simply stated, the trial court has impermissibly rewritten the contract to contain this provision and then declared a breach.
The obvious dearth of legal support for the trial court's final judgment on this point is remarkably accentuated by the total lack of support for it in the record. The entire evidence adduced in support of the final judgment on this issue is found at pages 4-5 of Appellee's brief, where it quotes Appellant's trial testimony as follows:
Q Then it says, fire and extended coverage in an amount not less than 100 percent of the value of the leased property and other improvements on the leased premises provided that insurance in that percentage can be obtained, and if not, then to the highest percentage that can be obtain [sic]. Did you maintain that?
A. Yes I did.
Q. Is it your position that you maintained all the insurance in the manner that you were required to maintain it under the lease?
A. That's correct.
*62 Next, Appellee's brief at page 5 addresses that testimony as follows:
Thus, Appellate [sic], by his own testimony, stated he felt he was required to maintain fire and extended coverage under Article III(3) of the lease. The lower tribunal expressly found in the Final Judgment (A-2) Appellant did not maintain such insurance.
Such evidence does not supply the necessary evidentiary basis to justify a deviation from the plain terms of the Lease Agreement.
Nor can the trial court's determination that Appellant failed to correct such breach within 10 days after the fire, as requested by Appellee, add any validity to the final judgment. The parties agree that the building was a total loss, and the trial court so provided in paragraph 4 of the final judgment. Since Article IX in the Lease Agreement provides that a breach must be cured in only 10 days after notice, I fail to see any relevance to this conclusion. Surely, the trial court could not possibly conclude that insurance on a destroyed $400,000 building could be acquired within 10 days; this could be done only after the building was reconstructed, and 10 days would be an impossible period for completions of any reconstruction.
Even assuming arguendo that the Lease Agreement were unclear or ambiguous, the trial court still erred. Under the Lease Agreement's provisions, for 17 years Appellee had the right and privilege to purchase fire insurance at Appellant's expense if he deemed the policy that Appellant furnished inadequate, but he failed to do so. This established by conduct a reasonable construction of the Lease Agreement that the trial court would be impelled to follow. See Bay Mgmt., Inc. v. Beau Monde, Inc., 366 So.2d 788, 793 (Fla. 2nd DCA 1978) ("[W]here a contract fails to define with certainty the duties of the parties, and the parties by their conduct have placed a reasonable construction on it, ... such construction should be adopted by the court.").
Accordingly, we REVERSE the Final Judgment and REMAND for entry of a Final Judgment ordering specific performance of the lease option's provision by Appellee to Appellant upon payment of the option purchase price to Appellee by Appellant; award possession of the leased premises to Appellant; enter judgment in Appellant's favor on Appellee's damage claims; and release from escrow the insurance proceeds to Appellant, less the amount owed Appellee for the option purchase price.
ROBERTS, J., concurs; BARFIELD, J., dissents with opinion.
BARFIELD, J., dissenting.
Having reviewed the record on appeal and the arguments of the parties, I find neither error nor abuse of discretion in the final judgment finding that the appellant breached the lease agreement, nor in the amendment to that judgment granting the appellee attorney fees and costs.
As the majority opinion indicates, this case was fully tried in the trial court. It should not be tried again on appeal. The material fact governing the decision of the trial judge was that the only evidence of insurance was that which met the requirements of paragraph (2) quoted in the majority opinion, i.e., fire and extended coverage insurance on the appellant/lessee's "fixtures, goods, wares, and merchandise in or on the leased premises." There was no evidence in this record of insurance on the leased property as required by paragraph (3), i.e., fire and extended coverage on the leased property itself. The trial judge found this failure to maintain fire and extended coverage insurance on the *63 leased property to be a material breach of the lease agreement, and his decision should be affirmed.
The majority's interpretation of the lease agreement renders paragraph (3) redundant of paragraph (2).