STATE, ex rel. W. H. BURNS, v. THE HONORABLE DEWITT T. GRAY, Circuit Judge.

185 So. 843.
Opinion Filed January 13, 1939.
Rehearing Denied February 6, 1939.

W. C. Johnson and Bedell & Bedell, for Relator;

Charles A. Powers and Charles A. Powers, Jr., for Respondent.

PER CURIAM.—An alternative writ of mandamus herein, issued by this court, alleges in substance that a judgment in detinue was obtained in the Circuit Court for Duval County by W. H. Burns against W. H. Adams, which was

reversed by this Court "with directions to vacate the judgment of the Circuit Court," with costs in the sum of $209.66 taxed against the defendant in error, W. H. Burns, September 10, 1936. Adams v. Burns, 126 Fla. 685, 172 So. 75.

The court held that detinue does not lie where the property is *in custodia legis,* and stated that in such case the remedy is "an action of trespass or trover," page 696.

It is alleged that thereafter on May 27, 1937, the relator, W. H. Burns, brought in the Circuit Court for Duval County, Florida, upon the same facts a declaration in counts for trespass and for trover against W. H. Adams, who, on June 24, moved for an order staying the cause until plaintiff, Burns, pays the judgment against him for costs in the prior action of detinue.

The Court made the following order:

"This cause coming on for hearing upon motion of the Defendant for a stay order herein, and the Court having heard Counsel for the respective parties, and the Court finding that the Plaintiff Burns has not paid the judgment against him for Two Hundred Nine and Sixty-six Hundredths ($209.66) Dollars, rendered in that certain action wherein W. H. Burns was Plaintiff, and W. H. Adams was Defendant, which judgment is recorded in Minute Book 63 at page 219 of the records of this Court, and it appearing to the Court that the instant suit is vexatiously brought, and that Plaintiff's motion for a stay order until such time as the judgment for costs and interest thereon in the detinue action, is paid, should be granted, and the Court being advised in the premises, it is

"ORDERED AND ADJUDGED that this cause be and it is hereby stayed until such time as the Plaintiff W. H. Burns shall file with this Court satisfactory proof that the judg-

ment of this Court recorded in Minute Book 63 at page 219 of the records of this Court, together with interest thereon, shall have been paid in full, upon which showing the Plaintiff may secure an order permitting this cause to proceed, which order shall set a time for the Defendant to file his pleadings herein."

The alternative writ commands the Judge to proceed with the disposition of the said cause by W. H. Burns, plaintiff, v. W. H. Adams, defendant, or to show cause for not doing so. The writ was demurred to.

The statute provides:

"If an action shall be commenced within the time pre-scribed therefor, and a judgment therein for the plaintiff be reversed on appeal or writ of error, the plaintiff, or, if he die and the cause of action survives, his heirs or representatives, may commence a new action within one year after the reversal." Par. 3, Sec. 4648, C. G. L.

The statute does not make the prepayment of costs a prerequisite to bringing a new action within one year after the reversal on appeal or writ of error, of a judgment for the plaintiff in the trial court; and as a stay of the cause on that ground is not within the discretion of the trial court, the alternative writ is good. Therefore, the demurrer is overruled, the motion to quash is denied and respondent allowed to file his return within fifteen days.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.