503 So.2d 1312 (1987)
Jose MILTON, Cirilla Milton, Jose Efron, Paragon Investment Corp., and Jose Enterprises, Appellants,
v.
R.C. KEITH, et al., Appellees.
No. 86-1392.
District Court of Appeal of Florida, Third District.
February 24, 1987.
Rehearing Denied April 10, 1987.
Fine, Jacobson, Schwartz, Nash, Block & England and Linda Ann Wells, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Sherryll Martens Dunaj, Miami, for appellees.
Before HENDRY, FERGUSON and JORGENSON, JJ.
HENDRY, Judge.
This is an appeal from a non-final order in which the trial court concluded that upon the filing of a voluntary dismissal by the appellees, it lost all jurisdiction to enforce, inter alia, a prior non-final order previously affirmed by this court. For reasons more fully developed below, we reverse.
The facts are as follows. Appellees, approximately 85 individuals who owned townhomes, filed suit in 1980 seeking a declaration as to the legal ownership of certain tennis courts and lake properties located in their townhome subdivision (Count I). Appellees also sought an accounting of assessments paid to the homeowners' association, (Count II) and by amended complaint sought an injunction to prevent appellants (developers) from enforcing payment of delinquent homeowner assessments pending outcome of the litigation (Count III).
In January 1981, appellees and appellants entered into a stipulation of partial *1313 settlement whereby control of the association would immediately be turned over to the residents of the subdivision. The homeowners' association, Royal Singapore Lake Townhouse Association, Inc., thereafter was joined as party plaintiff. Pursuant to the agreement, all matters raised in Counts II and III were settled and on February 25, 1981, appellees noticed their voluntary dismissal with prejudice on those counts.
Count I was to remain pending with the stipulation that each individual appellee and all members of the association would keep the recreation lease payments current until relieved of that obligation by court order. Appellees failed to make the payments. On April 12, 1982, appellants filed a motion to compel compliance. On May 12, 1982, the trial court entered an order granting appellants' motion, thereby compelling appellees to comply with the stipulation of partial settlement by making specified payments to appellants. Furthermore, the court ordered the homeowners' association to pay $36,000.00 to appellants, which represented total amounts due under a business lease. Finally, the trial court conditioned all future relief for appellees upon their payment of the amounts due under the order. In Keith v. Milton, 429 So.2d 13 (Fla. 3d DCA 1983), this court affirmed, per curiam, the decision of the trial court.
On November 27, 1985, appellants filed a motion to enforce the May 12th order. Appellants also moved to dismiss Count I of the amended complaint for lack of prosecution. In response, 54 of the remaining appellees filed a voluntary dismissal under Rule 1.420(a)(1)(i), Fla.R.Civ.P., dismissing Count I of their amended complaint. Based upon this notice of dismissal, an order was entered on May 1, 1986, in which the court, inter alia, declared itself to be without jurisdiction to enforce the May 12th order and treated it as a nullity. This appeal followed.[1]
Appellees contend that their Rule 1.420 notice of voluntary dismissal: (1) deprived the trial court of jurisdiction to enforce the May 12th order, and (2) rendered that order a nullity. They further contend that the order merely "set an amount to be paid if Plaintiffs wanted to pursue the remainder of their suit." Accordingly, appellees argue that since the May 12th order was conditional and was never reduced to a final judgment, the trial court is without jurisdiction to enforce it.
We cannot agree. It is well established in Florida that an order, judgment or decree of a trial court, when affirmed by an appellate court, becomes the order, judgment or decree of the appellate court. State ex rel. Budd v. Williams, 152 Fla. 189, 11 So.2d 341 (Fla. 1943) (where circuit court decree was affirmed by the supreme court, circuit court was without jurisdiction to alter the decree without first having authority from the supreme court to do so); Acme Specialty Corp. v. City of Miami, 292 So.2d 379 (Fla. 3d DCA 1974) (order upholding ordinance and thereby prohibiting sale of "sparklers" within city limits became judgment of district court of appeal on entry of mandate of that court and was not subject to interference without specific permission of that court); Jefferson Nat. Bank v. Metro. Dade County, 285 So.2d 445 (Fla. 3d DCA 1973) (when a judgment of the circuit court is affirmed by the district court of appeal, the affirmed judgment becomes the judgment of the district court).
Similarly, once an appellate court affirms an order, judgment or decree, the trial court loses all authority to change, modify, nullify or evade that order, judgment or decree. Dow Corning Corp. v. Garner, 452 So.2d 1 (Fla. 4th DCA 1984) (trial court would be directed to enter an order containing protections previously approved by the district court of appeal); Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980) (when trial court receives district court of appeal's mandate, it should carry out and place into effect the order and judgment of the district court of appeal; *1314 absent permission to do so, trial court is without authority to alter or evade district court of appeal's mandate).
Accordingly, once a mandate issues to the trial court, and the order appealed becomes the appellate court's order or decree, the trial court's role becomes purely ministerial; its function is limited to implementing and effectuating the appellate court's order or decree. O.P. Corp. v. Village of N. Palm Beach, 302 So.2d 130 (Fla. 1974); Berger v. Leposky, 103 So.2d 628 (Fla. 1958); Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980).
Following this court's mandate affirming the May 12th order, the trial court had no further power over that order except to enforce it. Modine Mfg. Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA) (general rule is that judgment of an appellate court, when it issues a mandate, is a final judgment and compliance therewith by the trial court is a purely ministerial act requiring the consent of the reviewing court permitting the presentation of new matter affecting the cause), cert. denied, 378 So.2d 342 (Fla. 1979).
Although the appellees' filing of a voluntary dismissal may have allowed them to terminate their action, they had no power to relieve the court of its obligation to enforce the previously affirmed May 12th order. See State ex rel. Cent. & S. Florida Flood Control Dist. v. Anderson, 157 So.2d 140 (Fla. 3d DCA 1963) (for circuit court to obtain jurisdiction of action to relieve party from judgment, decree, order or proceeding which has become judgment of appellate court, it is necessary first to obtain leave from appellate court.)
Therefore, the trial court's refusal to enforce our previous mandate, and its conclusion that our mandate was a nullity, constitutes error requiring reversal. See In re Maxcy's Estate, 280 So.2d 10 (Fla. 2d DCA 1973) (where trial court on remand of case after reversal by appellate court failed to comply with mandate of appellate court, trial court's order would be reversed.)
For the foregoing reasons and based upon the authorities cited, the ruling appealed from is reversed with instructions to enforce the previously entered order and mandate of this court.
In view of our holding, we do not reach the other points raised on appeal.
Reversed with instructions.
NOTES
[1] The court also granted appellants' motion to dismiss for lack of prosecution as to the other plaintiffs still involved in the litigation. The instant appeal raises no issue as to the propriety of this ruling.