565 So.2d 843 (1990)
Anthony NICHOLSON, Appellant,
v.
John G. ARIKO, Jr., Appellee.
No. 89-1185.
District Court of Appeal of Florida, Fifth District.
August 9, 1990.
*844 Ralph C. Losey of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellant.
Mayanne Downs of Boroughs, Grimm & Bennett, P.A., Orlando, for appellee.
PETERSON, Judge.
Anthony Nicholson appeals a supplemental final judgment distributing to him $134,629.58 as his share of funds from a partnership in which he and John G. Ariko, Jr., had an interest. We reverse.
In an earlier appeal, this case was remanded to the trial court for entry of judgment based on a 1985 agreement requiring distribution of the partnership funds on an equal basis. Nicholson v. Ariko, 539 So.2d 1141 (Fla. 5th DCA 1989), rev. denied, 548 So.2d 662 (Fla. 1989). Thereafter, the trial court issued a supplemental final judgment, which was in accordance with this court's directions to distribute the proceeds equally. However, the order provided for an adjustment of the equal distributions by amounts that had been debited by the partnership for money each partner owed to the partnership. The court reduced Nicholson's distribution by $18,303.48 and Ariko's distribution by $2,716.67, the amounts owed by them to the partnership and deducted by it before making the distribution. Additionally, the trial court gave Ariko a credit of $13,095.90 for mortgage payments made by him that were owed by the partnership. Nicholson asserts that the setoffs and the credit for mortgage payments were erroneous since this court's mandate required an equal distribution.
The mandate of an appellate court is a final judgment in the cause, and compliance is a ministerial act to be performed by the trial court. Berger v. Leposky, 103 So.2d 628 (Fla. 1958); O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Milton v. Keith, 503 So.2d 1312 (Fla. 3d DCA 1987); Thibodeau v. Sarasota Memorial Hospital, 449 So.2d 297 (Fla. 1st DCA 1984); and Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981). It is the duty of the trial court to enforce the mandate and not to stray from it. Florida Power & Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988).
Review of the earlier mandate indicates that this court concluded that the parties agreed to share profits and deficits equally. The $13,095.90 represents the amount paid by Ariko for his share of mortgage payments owed by the partnership. This court was aware of this amount and considered it prior to issuing its earlier mandate, and no reimbursement was required in that mandate. It was, therefore, error to give Ariko a credit for that amount.
However, the amounts owed by the partners to the partnership are a different matter. The mandate issued by this court remanded the matter to the trial court for entry of judgment based upon the 1985 "50-50 agreement", but we do not believe that the mandate precluded the trial court from making a distribution in accordance with the partnership's debits for amounts owed to it by the distributee partners. It is not unusual for amounts owed by partners to a partnership to be unequal. Failure to consider the difference in the amounts would result in an unfair distribution to the partner who had maintained an indebtedness to the partnership smaller than that of his equal partner.
*845 We, therefore, remand again to the trial court for entry of a final judgment that results in an equal distribution to the partners. However, the distributions should be adjusted in accordance with the respective debits made by the partnership for the amounts owed to it by the partners.
REVERSED and REMANDED.
DANIEL, C.J., and HARRIS, J., concur.