GERSTEN, Judge.
Appellants, Hotelerama Associates, Ltd., and Hilton Hotel Corporation (collectively Fontainebleau) appeal from an order denying motions for a new trial, a judgment notwithstanding the verdict, and a directed verdict. We reverse and remand.
Appellee, Ivory Wilcox, (Wilcox) was an employee of Fontainebleau. Wilcox alleges that he suffered injuries while he was employed by Fontainebleau. Wilcox claims that the injuries he suffered from exposure to dangerous chemicals resulted from Fon-tainebleau’s negligence and fraud.
Previous to this action, Wilcox filed a worker’s compensation claim. In the worker’s compensation proceedings, findings of fact were entered, and Wilcox was awarded benefits. Wilcox then filed this action against Fontainebleau based on negligence and fraud. The trial court instructed the jury that they were bound by the findings in the worker’s compensation proceedings.
Fontainebleau contends, and we agree, that the trial court erred by instructing the jury that it must accept the findings of the worker’s compensation proceedings. This court has previously stated:
[A]ny information as to prior verdicts has the inevitable tendency of causing the jury in the present case to defer to decisions made in a previous one and thus to delegate the uniquely wow-dele-gable duty of reaching its own independent conclusions.
Secada v. Weinstein, 563 So.2d 172 (Fla. 3d DCA 1990). Thus, it is reversible error:
[To admit] evidence that a previous “fact finder” — whether an investigating police officer, a traffic court, or a jury in a previous trial in the same case-reached a *533 conclusion on an issue in the present trial.
Secada v. Weinstein, 563 So.2d at 173.
Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
BASKIN, J., concurs.