619 So.2d 444 (1993)
Ivory WILCOX and Ana Lee Wilcox, Petitioners,
v.
HOTELERAMA ASSOCIATES, LTD., and Hilton Hotel Corporation d/b/a the Fontainebleau Hilton, Respondents.
No. 93-294.
District Court of Appeal of Florida, Third District.
June 8, 1993.
*445 Abramson & Magidson and John Abramson, Hicks Anderson & Blum and Bambi G. Blum, Miami, for petitioners.
Holland & Knight, Daniel S. Pearson and Lucinda A. Hofmann, Miami, for respondents.
Before SCHWARTZ, C.J., and FERGUSON and LEVY, JJ.
LEVY, Judge.
In this proceeding for Writ of Mandamus, petitioners Ivory Wilcox and Anna Lee Wilcox [hereafter "the Wilcoxes"], seek to compel the trial court to vacate an order staying a retrial pending satisfaction of an appellate cost judgment. We grant the petition for Writ of Mandamus based upon our finding that the trial court did not have authority to enter a stay conditioned upon prepayment of appellate costs where this Court had previously mandated that the case was reversed and remanded for a new trial.
The Wilcoxes were awarded a $1,365,000 judgment against respondents Hotelerama Associates, Ltd. and Hilton Hotel Corporation, d/b/a The Fontainebleau Hilton [hereafter "Hotelerama"], after the jury found that Hotelerama had committed a fraud upon the Wilcoxes by knowingly exposing Ivory, a laundry worker, to lethal levels of toxic chemicals in the hotel's unventilated laundry area. Hotelerama bonded the judgment and appealed. This Court reversed the judgment because of an erroneous jury instruction given by the trial court, and remanded the case for a new trial. See Hotelerama Assoc., Ltd. v. Wilcox, 593 So.2d 532 (Fla. 3d DCA), review denied, 602 So.2d 943 (Fla. 1992).
As the prevailing party on appeal, Hotelerama was awarded its appellate costs of $55,872.91. Because the Wilcoxes did not pay the cost judgment, Hotelerama moved in the trial court for a stay of the retrial until the Wilcoxes satisfied the cost judgment. The trial court granted Hotelerama's motion and entered an order staying the retrial until the Wilcoxes paid the cost judgment or posted a cost bond.[1] The Wilcoxes then petitioned this Court for a Writ of Mandamus or, in the alternative, for a Writ of Certiorari.
A trial court is vested with broad discretion in the handling of a case which has been reversed and remanded for a new trial. Pritchett v. Brevard Naval Stores Co., 134 Fla. 649, 185 So. 134 (1938). However, a trial court's role upon the issuance *446 of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Berger v. Leposky, 103 So.2d 628 (Fla. 1958); Milton v. Keith, 503 So.2d 1312 (Fla. 3d DCA 1987). A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape, or form. Nicholson v. Ariko, 565 So.2d 843 (Fla. 5th DCA 1990); Florida Power and Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987), review denied, 520 So.2d 585 (Fla. 1988); Home Savings & Loan Association of Florida v. Epperson, 427 So.2d 246 (Fla. 4th DCA 1983); Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980); In re Vermeulen, 122 So.2d 318 (Fla. 1st DCA 1960).
In the original appeal, this Court ordered that the cause be reversed for a new trial. The holding of a new trial was not conditioned upon the Wilcoxes payment of appellate costs. In light of this Court's specific mandate, the trial court was without discretion in its obligation to proceed with the disposition of the cause without entering a stay pending the payment of the costs of appeal. See State ex rel. Burns v. Gray, 135 Fla. 826, 185 So. 843 (1939) (Florida Supreme Court granted writ of mandamus finding that stay of subsequent action pending prepayment of costs was not within discretionary powers of trial court).[2]
We recognize that under Florida law a trial court has broad discretion to order stays in the proceedings before it, see Regan, Inc. v. Val-Ro, Ltd., 396 So.2d 834 (Fla. 3d DCA 1981); Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 405 (Fla. 1977); Price v. Hernando Beach, Inc., 286 So.2d 279 (Fla. 2d DCA 1973), and that Florida Rule of Civil Procedure 1.420(d) provides for the stay of proceedings pending prepayments of costs in cases involving voluntarily dismissed actions as a method of deterring vexatious relitigation, see McArthur Dairy, Inc. v. Guillen, 470 So.2d 747 (Fla. 3d DCA 1985); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976). Florida courts also have the authority to require prepayment of costs in involuntarily dismissed cases based upon failure to obey court orders on discovery pursuant to Florida Rule of Civil Procedure 1.380. See Schade v. Brown, 375 So.2d 16 (Fla. 3d DCA 1979). However, these legal doctrines apply to cases involving a different phase of the legal proceedings, and different procedural postures. None of these cases involved the situation where the trial court was under a direct mandate from the appellate court to hold a new trial. Under these circumstances, a trial court has no discretion in carrying out the District Court of Appeal's mandate, as discussed above. See Milton v. Keith, 503 So.2d at 1314 (upon issuance of mandate by appellate court to trial court, "the trial court's role becomes purely ministerial; its function is limited to implementing the appellate court's order or decree.").
We note further that the concerns for preventing harassment and vexatious litigation which was the purpose behind the provision for allowing stays pending payment of costs in Rule 1.420(d), see McArthur Dairy, Inc. v. Guillen, 470 So.2d at *447 748, do not exist in cases remanded for a new trial by an appellate court. A remand at the mandate of an appellate court is entered for the purpose of correcting an error committed by the trial court with respect to the law of the case. It cannot be affected by the vexatious intent of a litigant. Especially in cases such as this, where the judgment reversed was in favor of the plaintiffs, and the reversal was based upon an erroneous jury instruction, it cannot be said that there was any lack of good faith or vexatious intent on the part of the plaintiffs in bringing the action.
Accordingly, we grant the petition for Writ of Mandamus and vacate the stay order, with instructions to the trial court to proceed with the appropriate disposition of the cause without delay.
Mandamus granted.
NOTES
[1] The Wilcoxes had filed an affidavit stating that they did not have sufficient funds to satisfy the cost judgment, or sufficient assets for the cash collateral necessary to post a bond.
[2] In State ex rel. Burns v. Gray, 135 Fla. at 826, 185 So. at 843, the plaintiff brought an action in detinue and obtained a judgment against the defendant. The judgment was reversed on appeal and costs were taxed against the plaintiff, based upon the appellate court's finding that detinue did not lie, and that the proper remedy was an action for trespass or trover. The plaintiff then brought an action asserting counts for trespass and trover based on the same facts. The trial court granted the defendant's motion to stay the cause until the plaintiff paid the cost judgment, and the plaintiff sought an alternative writ of mandamus to compel the trial court to proceed with the disposition of the case. A Florida statute in effect at the time, provided that in cases where a judgment entered for a plaintiff had been reversed on appeal, the plaintiff could commence a new action within one year from the date of reversal. The Florida Supreme Court granted the alternative writ of mandamus, finding that: "The statute does not make the prepayment of costs a prerequisite to bringing a new action within one year after the reversal on appeal or writ of error, of a judgment for the plaintiff in the trial court; and as a stay of the cause on that ground is not within the discretion of the trial court, the alternative writ is good." State ex rel. Burns v. Gray, 135 Fla. at 828, 185 So. at 843-44. (Emphasis added.).