934 So.2d 484 (2004)
SUPERIOR GARLIC INTERNATIONAL, INC., et al., Petitioners,
v.
E & A PRODUCE CORPORATION, et al., Respondents.
No. 3D04-1924.
District Court of Appeal of Florida, Third District.
October 20, 2004.
Schatzman & Schatzman and Arnold D. Schatzman, for petitioners.
James H. Greason, for respondents.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
*485 PER CURIAM.
Petitioners seek a writ of mandamus to compel the circuit court below to disburse monies held as a cash supersedeas bond securing a final judgment that awarded attorneys fees to petitioners. The award has been affirmed on appeal by this court and a mandate has issued. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Fla. R.App. Proc. 9.030(b)(3) (2004). We grant the writ.

I. Procedural Posture
E & A Produce Corporation ("E & A") filed a multi-count complaint against Superior Garlic International, Inc. and its two shareholders, Silfredo Trujillo and Nilda Olmo, that included a treble damage claim for civil theft pursuant to § 772.11, Fla. Stat. (2000). Following the abandonment of the claim by E & A the trial court entered an award of attorneys' fees against E & A and in favor of Superior Garlic, Trujillo and Olmo in the sum of $9,123.75.[1] E & A superseded the judgment by filing a cash supersedeas bond with the clerk of the Circuit Court. This court subsequently affirmed the fee award and a mandate has issued. E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449 (Fla. 3d DCA 2003). However, E & A has refused to satisfy the judgment.
After E & A refused to satisfy the judgment, Superior Garlic, Trujillo and Olmo filed a motion in the trial court to have the judgment satisfied from the supersedeas bond. However, before the motion could be heard, a separate judgment was entered, apparently severally but not jointly, in favor of E & A and against Superior Garlic and Trujillo[2] in the sum of $24,000 each on the remaining counts. A successor trial judge denied disbursement pending post-trial proceedings relating to the recently rendered final judgment and collectibility thereon. Superior Garlic, Trujillo and Olmo ask this court to issue its writ of mandamus to nevertheless compel disbursement of the supersedeas bond.

II. Discussion
Mandamus is appropriate where a petitioner "demonstrate[s] a clear legal right to the performance of a ministerial duty by [a] respondent[3] and that no other adequate remedy exists." Morse Diesel Int'l, Inc. v.2000 Island Blvd., Inc., 698 So.2d 309 (Fla. 3d DCA 1997). See also Chavis v. Dugger, 538 So.2d 120 (Fla. 1st DCA 1989) ("Mandamus is available to enforce an established right, but not to establish that right.")
"The mandate of an appellate court is a final judgment in the cause, and compliance [therewith] is a ministerial act to be performed by the trial court." Nicholson v. Ariko, 565 So.2d 843 (Fla. 5th DCA 1990). Upon issuance of a mandate, an automatic stay resulting from the posting of a supersedeas bond is automatically lifted, and the judgment creditor has the right to either execute on the judgment or proceed against the supersedeas bond. See Fla. R.App. P. 9.310(e) ("A stay entered by a lower tribunal shall remain in effect ... until the mandate issues."). See *486 also Freedom Insurors v. M.D. Moody & Sons, Inc., 869 So.2d 1283, 1285 (Fla. 4th DCA 2004)(A supersedeas "does not undo or set aside what the trial court has adjudicated, but simply stays further proceedings in relation to the judgment being appealed from until the appellate court acts upon the decision in the lower court") (citing Bacon v. Green, 36 Fla. 313, 18 So. 866, 869 (1894)).
"It is the duty of the trial court to enforce the mandate and not stray from it." Nicholson, 565 So.2d 843 at 844. Although not unsympathetic to the trial court's apparent concern that E & A may be obligated to satisfy one judgment while being potentially on the verge of finality on a larger one in its favor, disbursement of the supersedeas was required upon issuance of the mandate. Id. Moreover, on the facts of this case, E & A would not be entitled to a set-off of the attorneys' fees judgment suffered by it against the later judgment obtained by E & A against Superior Garlic and Trujillo in any event. See generally Florida Gas Transmission Co. v. Lauderdale Sand & Fill, Co., 813 So.2d 1013, 1015 (Fla. 1st DCA 2002) (noting that "it is proper to include as setoffs amounts recovered by the plaintiff in settlements with other defendants when the suits against all of the defendants involve the same claims ... When the plaintiff has separate and distinct claims against more than one defendant, however, a setoff is inappropriate").
We grant the writ of mandamus with directions that petitioners be allowed to satisfy the attorneys' fee award from the proceeds of the cash supersedeas.
NOTES
[1] As we noted in an earlier appeal of the fee award, it is unclear whether the fee award was made pursuant to § 772.11(a), Fla. Stat. or § 57.105, Fla. Stat. E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449, 450 (Fla. 3d DCA 2003). However, that is immaterial for our purposes.
[2] Olmo had been successful in removing herself from the controversy on a summary judgment motion. See E & A Produce Corp. v. Olmo, 864 So.2d 447 (Fla. 3d DCA 2003).
[3] The successor trial judge, Judge Robert Pineiro, although not included as a respondent in the caption of the petition, is a "formal party to the petition for mandamus." Fla. R.App. P. 9.100(e).