SALTER, J.
 

 This case is before us again
 
 [1]
 
 after the appellant (Eventys) sought to amend its lawsuit in circuit court — and also to demand arbitration — seeking in each forum to assert class action claims under Florida’s Deceptive and Unfair Trade Practices Act (FDUTPA), sections 501.201 — .213, Florida Statutes (2008). Eventys appeals the circuit court’s denial of its motion to allow Eventys to proceed with its class action claims in that court or, alternatively, to assert the class claims in arbitration. We affirm the trial court’s ruling that Ev-entys must submit its claims to arbitration (and the trial court’s refusal to direct the parties to submit the enforceability of the waiver provision or the class action claims themselves to the arbitrators for determination), but we reverse that portion of the order limiting Eventys to the arbitration of the “individual claims as asserted in the original complaint.”
 

 Comcast I and the “Terms and Conditions”
 

 The agreement and mutual course of conduct we enforced in
 
 Comcast I
 
 related to Comcast’s printed “terms and conditions” for the placement of Eventys’s advertisements on cable television programs. Those terms included an agreement to arbitrate disputes, a limitation of available remedies,
 
 [2]
 
 and a waiver of any right to
 
 *961
 
 bring “claims to be arbitrated on a class action or consolidated basis.”
 

 Two weeks after oral argument here in
 
 Comcast I,
 
 and only days before the issuance of our opinion compelling arbitration, Eventys moved to amend its circuit court single-plaintiff breach of contract claim to add the class action claims under FDUT-PA. Eventys then filed in the circuit court a “Motion to Declare Unconscionable the Class Relief Contractual Prohibition,” seeking in effect a declaratory judgment that the purported waiver of the right of a Comcast customer to participate in a class action was unconscionable and otherwise void because the waiver allegedly frustrated the remedial purposes of FDUTPA.
 
 [3]
 
 Eventys later filed a “Motion to Determine Class Action Arbitrable,” and it is the denial of that motion that gave rise to this appeal.
 

 Eventys’s attempt to demand a class action in arbitration before the American Arbitration Association (AAA) was rebuffed by that organization because “the arbitration clause calls for the rules of the American Arbitration Association but specifically excludes administration by the Association.” The AAA offered to administer the claims “if all parties consent” or a court enters an order “directing that the matter be filed with the AAA.” The parties did not reach agreement on the filing or administration of Eventys’s demand for class arbitration, however, because Com-cast asserted that Eventys had waived (in the printed terms and conditions) any right to maintain a class action.
 

 AAA’s supplemental rules on class action claims in arbitration also specified that it would not accept for administration a demand for class arbitration “where the underlying agreement prohibits class claims ... unless an order of a court directs the parties to the underlying dispute to submit [that issue] to an arbitrator or the Association.” Eventys sought such a circuit court ruling on its right to prosecute the circuit court action or the arbitration as a class action.
 

 The circuit court’s order denying Eventys’s motion to determine class action arbitrability included these two rulings: “(1) based on the Mandate [in
 
 Comcast I
 
 ], [Eventys] cannot amend to assert class action claim, and (2) [Eventys] must arbitrate individual claims as asserted in original complaint.” The first of the two rulings is correct insofar as it relates to the circuit court action;
 
 Comcast I
 
 held that Eventys’s claims must be arbitrated (so that any claims regarding Eventys’s transactions with Comcast must be presented to the arbitrators rather than the circuit court). The second ruling, however, goes too far. It is true that the AAA indicated an intention to reject a class arbitration claim in the absence of a court order directing the parties to consider that claim. But the AAA’s commercial rules allow parties to seek amendments to a claimant’s demand, and there is no reason apparent in this record to preclude Eventys from seeking arbitration of its individual FDUT-PA claim together with its original breach of contract claim. This Court and other Florida courts have repeatedly held that FDUTPA claims can be submitted to arbitration.
 
 See Murphy v. Courtesy Ford, L.L.C.,
 
 944 So.2d 1131, 1133 (Fla. 3d DCA 2006), and the cases cited there. In short, in
 
 Comcast I
 
 we compelled arbitration of Eventys’s original contract claim, but we did not in any way limit Eventys’s ability to pursue additional individual claims in that forum.
 

 
 *962
 

 Eventys’s Current Claims of Uncon-scionability and Unenforceability
 

 Eventys’s primary claim in this appeal is that the circuit court should have authorized Eventys to prosecute its amended class action FDUTPA claims in at least
 
 one
 
 of the two available forums. By directing that the class action claims be submitted by the parties to the arbitrators, Eventys argues, the circuit court could have assured that both parties would have an opportunity to make their arguments to that forum. Alternatively, Eventys maintains, the circuit court should have considered and expressly ruled upon Eventys’s arguments that the provision purporting to waive class action claims was unconscionable and unenforceable. Eventys further argues that, because the “terms and conditions” did not include a severability provision, the circuit court’s necessary determination that FDUTPA’s remedial purposes are frustrated by the class action waiver provision would then invalidate the entire arbitration provision. For this argument, Eventys relies principally on the analysis in
 
 S.D.S. Autos, Inc. v. Chrzanowski,
 
 976 So.2d 600, 611 (Fla. 1st DCA 2007) (holding that contractual provisions in an arbitration agreement purporting to prohibit consumers from prosecuting class actions for small sums of money per consumer, but for a substantial number of consumers, “are irreconcilably at odds with the remedial purposes of FDUTPA, contrary to the public policy of this state, and unenforceable for that reason”), and a group of federal cases holding that the validity of a class action waiver provision should be adjudicated by the court, not the arbitrators.
 
 [4]
 

 Comcast counters that the issue of arbi-trability should be determined at the threshold of a case, and that artful pleading (the addition of FDUTPA and class action claims) should not afford another bite at that apple. Comcast cites
 
 Goldberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 No. 97 CIV 8779, 1998 WL 321446 (S.D.N.Y. June 18, 1998), for that proposition.
 
 Goldberg
 
 involved an initial ruling compelling arbitration and a subsequent amendment to assert a new theory on a class action basis. The court held:
 

 Plaintiff should not be allowed to avoid this Court’s earlier ruling by recasting this claim of defamation as a class action on the basis of conclusory allegations involving unnamed putative class members. Under the “law of the case” doctrine a court adheres to its own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.
 

 1998 WL 321446 at *8.
 

 In this case, Eventys maintains that discovery in the original circuit court action provided additional information supportive of its class action claims. A careful inspection of the proposed amended complaint, however, discloses that the proposed class has only one proposed representative (Eventys) and that the alleged
 
 *963
 
 breaches and wrongful acts by Comcast in the original and amended complaints are substantially identical. In addition, a common conclusion of the many cases considering this question is that the assessment of arbitrability — including any challenges to all of the arbitration provisions or a class action waiver provision — is a “gateway” determination that should be resolved at the outset and, presumably, once.
 
 [5]
 
 We agree.
 

 In this case, Eventys had accepted the “terms and conditions” in its dealings with Comcast and was aware of the arbitration provisions, including the waiver of class action provision. Eventys did not seek in its initial circuit court filing a determination that the ai’bitration requirements (whether in their entirety or simply the class action waiver provisions) were unenforceable on grounds of public policy or unconscionability. Applying the “gateway” analysis to the record here, we conclude that the trial court correctly refused on remand from
 
 Comcast I
 
 (1) to allow Eventys to challenge arbitrability a second time through its motion to amend and (2) to direct the parties to submit the issues regarding the class action waiver provision (and the class action claims themselves) to the arbitrators.
 
 [6]
 

 As noted, however, we reverse and vacate that portion of the order below limiting Eventys in arbitration to the single breach of contract claim asserted in the original circuit court complaint. Eventys may include in its arbitration demand, or amended demand, any additional individual claims it may wish to assert against Com-cast, whether under FDUTPA or otherwise. Comcast "will have the opportunity in that forum to raise any and all defenses to those individual claims. What Eventys may not do in the arbitration case, however, is to challenge the arbitration provisions in the “terms and conditions” themselves.
 

 Affirmed in part, reversed in part, and remanded for further proceedings as set forth in this opinion.
 

 [1]
 

 . In
 
 Comcast Spotlight, Inc. v. Eventys Marketing & Products, Inc.,
 
 984 So.2d 631 (Fla. 3d DCA 2008)
 
 ("Comcast I ”),
 
 we held that Even-tys’s breach of contract claim against Com-cast was subject to an arbitration provision. We reversed a circuit court order to the contrary.
 

 [2]
 

 . In an all-caps "LIMITATION OF LIABILITY” provision, Comcast’s liability for any interruption, cancellation, or omission of any advertising to be "cablecast” was limited to a so-called “make good” during a substitute time slot or a pro rata refund of amounts paid by Eventys. The provision also purported to bar "EQUITABLE REMEDIES OR INJUNC-TIVE RELIEF” as well as "PUNITIVE, STATUTORY, INCIDENTAL, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO LOSS OF PROFITS AND GOOD WILL.”
 

 [3]
 

 . Eventys's motions in the circuit court to amend the complaint and for a declaration that the class action waiver provision is unconscionable were not separately heard.
 

 [4]
 

 . This question has been sharply debated over the past few years. Over time the rulings seem to be coalescing into a more orderly body of authority. While the cases cited by Eventys are pertinent, the analysis provided in
 
 In re: American Express Merchants’ Litigation,
 
 554 F.3d 300 (2d Cir.2009), is particularly thorough.
 
 See also
 
 F. Paul Bland, Jr., & Claire Prestel,
 
 Challenging Class Action Bans in Mandatory Arbitration Clauses,
 
 10 Cardozo J. Conflict Resol. 369 (2009). Federal cases throughout the United States are pertinent in this instance because the arbitration provisions inevitably evidence a "transaction involving commerce” and are thus subject to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (2009).
 

 [5]
 

 .
 
 Green Tree Fin. Corp. v. Bazzle,
 
 539 U.S. 444, 453, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003);
 
 In re: Am. Express Merch. Litig.,
 
 554 F.3d at 311,
 
 supra
 
 note 4.
 

 [6]
 

 . Our determination that Eventys may not challenge the enforceability of the arbitration and class action waiver provisions after unsuccessfully opposing arbitration in
 
 Comcast I
 
 means that we need not pass upon the appropriate gateway tests in Florida regarding those provisions. Certified questions regarding the enforceability of class action waivers in arbitration agreements were recently posed by the United States Court of Appeals for the Eleventh Circuit to the Florida Supreme Court in
 
 Pendergast v. Sprint Nextel Corp.,
 
 592 F.3d 1119 (11th Cir. 2010). We agree with the supplemental memoranda provided by the parties contending (though for different reasons) that our analysis in this case should not be affected by, and need not abide, the resolution of those certified questions.