47 So.3d 863 (2010)
CENTENNIAL HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
DOLOMITE CO., INC., a Colorado corporation, Appellee.
No. 3D10-1256.
District Court of Appeal of Florida, Third District.
October 13, 2010.
Rehearing and Rehearing En Banc Denied November 18, 2010.
William J. Motyczka, Miami; G. David O'Leary, for appellant.
Restani, Dittmar & Hauser and Helen Ann Hauser, Coral Gables; Keith D. Diamond, Weston, for appellee.
Before COPE and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, J.
Centennial Homeowners Association appeals the trial court's denial of its motion *864 to stay certain provisions of a summary final judgment entered in favor of Dolomite Co. The judgment ejected Centennial from the subject property and required it to remove "any and all structures and appurtenances." We treat this appeal as a petition for a writ of certiorari, and, finding that the trial court departed from the essential requirements of the law in refusing to grant the stay pending the resolution of Centennial's Betterment proceedings, we grant the petition.
Centennial is a Florida not-for-profit corporation that administers a residential community in Miami-Dade County. The community's developer abandoned the community before it was completed and liquidated its assets in bankruptcy, with the exception of the common areas claimed bybut not deeded toCentennial. Unpaid construction contractors filed suit against the developer and won default judgments. In partial satisfaction of the judgments, the common areas were sold at auction. Four years later, the purchaser brought an ejection action under Chapter 66, Florida Statutes, seeking to have Centennial vacate the property and remove its gates, fences, and structures. Dolomite, as the purchaser's successor-in-interest, brought a motion for summary judgment, which the trial court granted. The final order of ejectment was stayed pending resolution of Centennial's appeal, which this Court decided in Dolomite's favor.
Two months after this Court's decision, Centennial filed a Betterment action in the trial court, pursuant to section 66.041, et seq., Florida Statutes (2009). Centennial then filed a Motion to Extend Stay Pending Resolution of Betterment Petition, but the trial court denied the motion and executed a writ of possession in Dolomite's favor; expressly enjoined any further action by Centennial to impede Dolomite's exclusive possession; and required Centennial to remove the improvements delineated in the Summary Final Judgment within thirty days, despite the provisions of the Betterment Statute.
The Betterment cause of action was created to prevent unjust enrichment by compensating a party that has lost an ejectment case for any value of improvements that were made by the losing party and are received by the successful party along with the land. Section 66.041 provides:
If a judgment of eviction is rendered against defendant ... defendant may file in the court in which the judgment was rendered a petition setting forth that:
(1) Defendant had been in possession and that [defendant] or those under whom defendant validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered;
(2) Defendant or those under whom defendant validly derives held the property at the time of such improvement under an apparently good legal or equitable title ...; and
(3) When defendant made the improvements or purchased the property improved, [defendant] believed the title [that defendant] held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to defendant therefore.
It is axiomatic that the permanent improvements must exist and be in place in order for Centennial to exercise its right to utilize the Betterment statute. The clear provisions of the statute make the trier of fact in the Betterment case responsible for *865 assessing the present value of the permanent improvements made by the petitioner and his predecessors-in-interest. § 66.061(2), Fla. Stat. (2009). If the improvements have already been removed before the Betterment proceeding reaches the valuation phase, no such assessment can reasonably be made.
Centennial could potentially suffer irreparable harm if the stay were not granted, for, should the improvements and structures be removed, the trial court's order could effectively dismiss the Betterment case with prejudice. If the improvements no longer existed, proceedings under the Betterment statute may be rendered moot, and its entire purpose would be frustrated. In contrast, Dolomite would not be harmed were it required to temporarily retain the improvements on the subject property: there is no urgent use to which Dolomite could put the common areas were they purged of Centennial's walls, gates, fences, guardhouses, sidewalks, storm drains, speed bumps, fountains, security systems, landscaping, lighting and electrical fixtures, and roadway surfacing.
Moreover, the Betterment proceedings could ultimately result in the improvements remaining on the subject property if Dolomite failed to timely pay the valuation of the improvements as assessed by the trier of fact (minus "[t]he value of the use of the land by [Centennial] ... from the time of the judgment to the time of the ... eviction"). § 66.061, Fla. Stat. (2009). Then, Centennial would "again have the privilege of paying to [Dolomite] in cash the value of the land assessed," thus gaining title to the land, and Dolomite would be required to "give [Centennial] a deed to the land ... and appurtenances, and [because Centennial] has been evicted from... the property, it [would] be returned to [Centennial] by order of court on motion." § 66.101, Fla. Stat. (2009). Were that possibility to occur, allowing the improvements to be removed prematurely would have been an egregious waste.
For the foregoing reasons, we find that a stay of the proceedings authorized by the trial court's Summary Final Judgment was necessary during the pendency of Centennial's Betterment proceedings to effectuate the intent of the Betterment statute. Therefore, we hold that the trial court departed from the essential requirements of the law by refusing to grant Centennial's Motion to Extend Stay.
Reversed and remanded.
COPE, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
I believe that the court's decision is in conflict with two fundamental principles of law.

I
In Centennial Homeowners Ass'n, Inc. v. Dolomite Co., 30 So.3d 506 (Fla. 3d DCA 2010) (per curiam affirmed), we unqualifiedly affirmed a final judgment of the trial court which included the equally unqualified provisions that:
1. DOLOMITE owns and is entitled to immediate possession of the Subject Property. The Clerk of this Court shall forthwith enter a Writ of Possession as requested by DOLOMITE with regard to the Subject Property.
2. No later than thirty (30) days from the date of this Summary Final Judgment, CENTENNIAL is hereby ordered to have completed, at its sole cost and expense, the removal of any and all structures and appurtenances from the Subject Property including, without limitation, all guard houses or other buildings, gates, fences and fountains.
The court, however, now provides the proverbial end run around its own decision by *866 requiring that it be stayed without any prior authorization or even indication that such a thing would be appropriate. This ruling contravenes the basic doctrine that no deviation whatever from the terms of a prior appellate mandate will be permitted. See Wilcox v. Hotelerama Assocs., 619 So.2d 444, 445-46 (Fla. 3d DCA 1993) (holding that a stay of new trial pending payment of costs was unacceptably in conflict with unconditional appellate reversal for new trial); see also Dines v. Fla. Unemployment Appeals Comm'n, 730 So.2d 378 (Fla. 3d DCA 1999); State Farm Mut. Auto. Ins. Co. v. Stack, 543 So.2d 782, 783 (Fla. 3d DCA 1989); Mendelson v. Mendelson, 341 So.2d 811, 814 (Fla. 2d DCA 1977).

II
The majority result is barred by what can only be considered an aggravated example of the doctrine of the "law of the case." See 3 Fla. Jur. 2d Appellate Review § 433 ("Absent extraordinary circumstances, the ruling of the appellate court in an earlier appeal is binding on the trial court on remand and on the appellate court in a subsequent appeal."); see also Eventys Marketing & Products, Inc. v. Comcast Spotlight, Inc., 28 So.3d 959, 962 (Fla. 3d DCA 2010) ("Under the `law of the case' doctrine a court adheres to its own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").
As the appellee accurately states in its motion for sanctions, which I would grant:
The [sic] is the fourth appearance of this case before this Court, and the latest attempt by Appellant to delay and hinder the rights of Appellee. In 1999, certain lands belonging to an insolvent real estate developer were sold at a sheriff's sale for the benefit of creditors. Appellant Centennial learned of the sale within a week after the date of the deed, and filed a motion to intervene in the case and set aside the sale. The court authorized Centennial to file its proofs of ownership, if any, but Centennial failed to do so. Accordingly, in January of 2000, a final judgment was entered confirming the sheriff's sale as to the specific lands that Centennial claimed. Although the order was served upon Centennial's counsel, no appeal was filed and Centennial took no further action.
In 2003, the purchaser at the sheriff's sale filed an ejectment action seeking to have Centennial vacate the property and remove the gates, fences and structures on the property. The cause was transferred to circuit court and renumbered; Dolomite, as successor in interest, was substituted as the plaintiff. In 2007, Judge King entered a summary judgment in favor of Dolomite, on the basis that the questions of title had already been settled between these parties or their privies by the former judgment in 2000. Centennial unsuccessfully tried to appeal, but the judgment was not final. This Court can take judicial notice of its own records in case no. 3D07-756. After a true final judgment was entered in the ejectment case, Centennial filed a final appeal, which was extensively briefed and argued. As this Court may judicially notice from its own records in case no. 3D09-8, the issues raised by Centennial were: 1) whether the doctrines of res judicata or collateral estoppel barred relitigation of the question of title between these parties; 2) whether the trial court was within its discretion in refusing to permit a new counterclaim and affirmative defenses after the action had been pending five years and summary judgment had already been issued *867 upon very similar matters; and 3) whether the trial judge erred in denying rehearing. Specifically, Centennial asserted that rehearing should be granted because some of the structures that it was ordered to remove may have been erected by the developer, not by Centennial. Dolomite responded that this was a new contention which had been waived by failure to timely raise it in all the years the litigation had been pending, so that the trial court was not obliged to consider it. Centennial also contended that the lower court did not have jurisdiction to require removal of the structures, and/or that this relief had not been properly requested in the pleadings.
The final order of ejectment was stayed by the lower court pending resolution of Centennial's appeal in case no. 3D09-8. After full briefing and oral argument, Judge King's final judgment was affirmed in toto, including the provisions requiring Centennial to remove all of the structures from the property. Centennial Homeowners Ass'n v. Dolomite Co., Inc., 30 So.3d 506 (Fla. 3 DCA 2010). Centennial unsuccessfully moved for rehearing in the Court, raising the same issues. This Court's mandate was issued on April 5, 2010.
Centennial then filed a "betterment" action in the lower court, pursuant to Chapter 66, Florida Statutes. Centennial returned to Judge King and requested that he stay enforcement of this Court's mandate until the conclusion of the "betterment" proceeding. Stay was denied. Judge King ordered that Centennial remove all structures and appurtenances from the property and cease any attempts to interfere with Dolomite's possession. Centennial not only filed this appeal, but also sought to disqualify Judge King because of his ruling. Centennial's application for writ of prohibition was denied by this Court on May 28, 2010, and rehearing was denied on June 25, 2010 (case no. 3D10-1334). As to the instant appeal, there is no appellate jurisdiction for an order denying stay, and if there were, this appeal is patently meritless.
Even a cursory review of Centennial's brief and appendix in this cause indicates that Centennial is again raising the identical issues that have been fully precluded by this Court's prior opinion the validity of the sheriff's deed, equitable claims of title, and an assertion that removal of the structures was not pled properly and/or not authorized by law. Ironically, Centennial's appeal in case no. 3D09-8 from the final summary judgment revolved around the doctrines of issue preclusion, but Centennial still has not understood that, once it is litigated to conclusion, a controversy between the same parties cannot be revived. Centennial's argument in this appeal amounts to an assertion that the final judgment of ejectment is so wrong that it ought to be stayed forever, and the prevailing party, Dolomite, should never have the benefit of the property.
Centennial continues to reargue the identical issues ad nauseam. In the trial court, it has already lost a final judgment in the sheriff's deed proceeding, then a summary judgment in the ejectment proceeding, a final judgment, a motion for rehearing, a motion for stay pending conclusion of the betterment action, and a motion to disqualify the trial judge, all raising the same points. In this court, it has lost an appeal from a nonfinal summary judgment, an appeal from a final judgment, a motion for rehearing addressed to the final judgment, a petition for prohibition, a motion for rehearing from denial of prohibition, and *868 a motion to stay the final judgment pending the conclusion of the betterment action. This Court's prior opinion is "law of the case," Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001), but Centennial refuses to recognize that the matter must come to an end.
For these reasons I would deny review.