IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONTRAVIS SMITH,

      Appellant,

 v.                           Case No.  5D16-904

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 18, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Mark S. Blechman, Judge.

Dontravis Smith, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      Dontravis Smith appeals the trial court's denial of his postconviction motion

seeking a new trial based upon newly discovered evidence.  He asserts, first, that the trial

court erred in failing to appoint postconviction counsel, and second, that the trial court

abused its discretion in denying his request for a continuance to facilitate the attendance

of the witness who testified in an affidavit that two other men whom she knew, and not Smith, committed the underlying robbery.

This matter was previously before this court following the trial court's summary denial of Smith's rule 3.850 motion. *Smith v. State*, 174 So. 3d 1105 (Fla. 5th DCA 2015). We affirmed the summary denial as to four of the grounds raised by Smith, but remanded for an evidentiary hearing on Ground V, which was based upon a claim of newly discovered evidence. At the post-remand hearing, the trial court focused only on Smith's last minute request for counsel and a continuance. No evidentiary hearing was conducted. We remand the case for the trial court to conduct an evidentiary hearing on Ground V.

In 2011, Smith was convicted of two counts of robbery with a firearm following a jury trial and was sentenced to concurrent terms of fifteen years' imprisonment. His direct appeal to this court was per curiam affirmed. *Smith v. State*, 145 So. 3d 120 (Fla. 5th DCA 2013). In May 2014, Smith filed the subject rule 3.850 motion for postconviction relief, raising five grounds. The only ground relevant to the current appeal concerns his assertion of newly discovered evidence, which could lead to a different outcome in a new trial.

The alleged newly discovered evidence is set forth in the February 2014 sworn affidavit of La' Sarah Pugh, in which she states that on April 25, 2010, she was speaking with Capri Patterson and Smith's younger brother, Deonte Holmes. When two boys walked towards them, she observed Patterson hand Holmes a handgun. Patterson and Holmes then robbed the two boys. Smith was subsequently convicted of the robbery. Pugh stated in her affidavit that Smith was not present at the time of the robbery and that

2

she left the scene out of fear. She also indicated that her younger cousin was present and observed the robbery. Pugh admitted in the affidavit that she first revealed this information to Smith's grandmother after Smith had been tried, convicted, and imprisoned. In his motion and at the hearing below, Smith argued he was mistakenly identified as the perpetrator and maintained his innocence, asserting that he had no involvement in the crime.

On remand, the trial court ordered an evidentiary hearing, giving Smith and the State approximately two months' notice between scheduling and conducting the hearing. At the commencement of the hearing, Smith advised that he wanted to call Pugh and a family member to testify for him. He explained to the court that he did not subpoena Pugh and that because he was incarcerated, it was difficult for him to contact anyone regarding the hearing. Smith also stated that he believed he would be represented by counsel at the hearing. However, there was no indication he requested postconviction counsel prior to the hearing. He requested that the court postpone the hearing for one week so that he could arrange for his witnesses to appear.

The State objected to any postponement, arguing that Smith made no attempts to have his witnesses present at the hearing. Smith specifically asserted that he was unable to call Pugh because he did not have money to use the phone and that he did not understand that the hearing was going forward. Smith claimed that his witnesses were willing to come to court. The court denied his request for continuance and impliedly denied his request for counsel.

In a written order, the court denied Ground V of Smith's postconviction motion. Although the order states that an evidentiary hearing was held, it cannot be said that the

3

proceeding below amounted to such a hearing. The trial court did not provide Smith with the opportunity to argue the merits of his motion, such as when he first learned of Pugh's exculpatory observations. Instead, the court announced that he failed to establish that Pugh's testimony was exculpatory or not available for discovery with due diligence at the time of his trial. Clearly, the statements made in Pugh's affidavit are exculpatory; though arguably Pugh's live testimony may or may not have been competent or admissible. We previously remanded Ground V for an evidentiary hearing and the trial court erred in not following our mandate. *See Wilcox v. Hotelerama Assocs., Ltd.*, 619 So. 2d 444, 445-46 (Fla. 3d DCA 1993). Accordingly, we once again remand the case for the trial court to conduct an evidentiary hearing on Ground V.

Whether the trial court should have continued the hearing or considered Smith's last-minute request for appointment of postconviction counsel are reviewed for abuse of discretion. *Trocola v. State*, 867 So. 2d 1229, 1230-31 (Fla. 5th DCA 2004); *Wheeler v. State*, 807 So. 2d 94, 98 (Fla. 1st DCA 2002). Because we are once again remanding for an evidentiary hearing, the issue regarding the refusal to grant the continuance is moot at this point. With regard to appointment of counsel, the trial court did not abuse its discretion, given that Smith never formally requested appointment of counsel. If Smith does make a timely, formal request for appointment of postconviction counsel prior to the evidentiary hearing, the trial court should consider the adversarial nature, evidentiary component, and complexity of the hearing, together with any need for substantial legal research. *Graham v. State*, 372 So. 2d 1363, 1366 (Fla. 1979).

REVERSED AND REMANDED.

SAWAYA and BERGER, JJ., concur.

4