# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1979
Lower Tribunal No. F14-5657
_____

**Ronald Jerome Lee,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Ronald Jerome Lee, in proper person.

James Uthmeier, Attorney General, for respondent.

Before LINDSEY, GORDO and GOODEN, JJ.

PER CURIAM.

Ronald Jerome Lee petitions for a writ of mandamus, seeking to enforce our mandate in a prior appeal—Lee v. State, 305 So. 3d 653, 654

(Fla. 3d DCA 2020).  In that case, we reversed the trial court's summary denial of Lee's post-conviction motion and its order prohibiting him from further pro se filings, which was entered without affording Lee adequate due process.  Id. at 655.

Yet our records[1] demonstrate that the trial court has fully complied with our mandate.  See Nicholson v. Ariko, 565 So. 2d 843, 844 (Fla. 5th DCA 1990) ("It is the duty of the trial court to enforce the mandate and not to stray from it.").  Upon remand, the trial court vacated its order prohibiting Lee from further pro se filings.  Lee then filed several post-conviction motions, all of which were denied.  Our Court affirmed the trial court's orders.  See Lee v. State, 322 So. 3d 64 (Fla. 3d DCA 2021); Lee v. State, 327 So. 3d 277 (Fla. 3d DCA 2021).

Since the trial court fully complied with our mandate, there is no action for us to compel.  See State v. McRae, 38 So. 605, 606 (Fla. 1905) ("[T]he writ will never be granted in cases when, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator."); State ex rel. Knott v. Haskell, 72 So. 651, 659 (Fla. 1916) ("The writ of mandamus is granted by

---

[1] We take judicial notice of our own records in Petitioner's cases before this Court.  See Buckley v. City of Miami Beach, 559 So. 2d 310, 313 n.1 (Fla. 3d DCA 1990) ("The appellate court can take judicial notice of its own files.").

the courts to enforce the performance of a ministerial duty imposed by law where such duty has not been performed as the law requires."); State ex rel. Buckwalter v. City of Lakeland, 150 So. 508, 511 (Fla. 1933) ("A writ of mandamus is a common-law writ used to coerce the performance of any and all official duties where the official charged by law with the performance of such duty refused or failed to perform the same . . . ."). Accordingly, the petition is denied.

Petition denied.